IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERT BROWN, # 212492,          )
                                 )
        Petitioner,              )
                                 )          Civil Action No.
        v.                       )          1:17cv243-ECM-JTA
                                 )               (WO)
KAREN CARTER, *et al.*,          )
                                 )
        Respondents.             )

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This case is before the court on a *pro se* petition for writ of habeas corpus under 28

U.S.C. § 2254 filed by Alabama inmate Robert Brown ("Brown") on April 17, 2017.  Doc.

1.[1]

## I.   BACKGROUND AND PROCEDURAL HISTORY

On November 8, 2010, a Coffee County jury found Brown guilty of unlawfully

breaking and entering a vehicle, in violation of § 13A-8-11(b), Ala. Code 1975.  Doc. 8-1

at 36.  On November 29, 2010, the trial court sentenced Brown as a habitual felony offender

to twenty years and one day in prison.  Doc. 8-1 at 39.

Brown appealed, arguing (1) there was insufficient evidence to support his

conviction and (2) the trial court erred by failing to instruct the jury on receiving stolen

---

[1] References to "Doc(s)." are to the document numbers of the pleadings, motions, and other materials in the court file, as compiled and designated on the docket sheet by the Clerk of Court. Pinpoint citations are to the page of the electronically filed document in the court's CM/ECF filing system, which may not correspond to pagination on the "hard copy" of the document presented for filing.

property in the third degree as a lesser-included offense of breaking and entering a vehicle. Doc. 8-2.

On August 12, 2011, the Alabama Court of Criminal Appeals affirmed Brown's conviction and sentence by unpublished memorandum opinion.  Doc. 8-4.  Brown's application for rehearing was stricken as untimely filed (Doc. 8-5), and Brown did not file a petition for writ of certiorari with the Alabama Supreme Court.  On August 31, 2011, the Alabama Court of Criminal Appeals issued a certificate of judgment.  Doc. 8-6.

On November 22, 2011, Brown filed a *pro se* petition with the trial court seeking post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure, and he later amended the petition.  *See* Doc. 8-7 at 10, 33.  Brown raised claims that (1) there was insufficient evidence to support his conviction; (2) the trial court lacked jurisdiction because neither the venire nor the petit jury was sworn; (3) his appellate counsel was prevented from "examining for possible error a substantial and crucial portion of his trial" because the jury selection was not included in the record on direct appeal; (4) the trial court "acted vindictively" when it sentenced him; and (5) his trial counsel rendered ineffective assistance by failing to (a) challenge the State's "hearsay evidence;" (b) object to the State's failure to produce the stolen DVD player; (c) challenge breaks in the chain of custody of evidence; (d) move to dismiss the charges because the victim "never swore to or signed the complaint;" and (e) impeach the victim's testimony.  Doc. 8-7 at 12–17, 33–54.

After holding an evidentiary hearing on August 21, 2013, at which Brown was represented by counsel (Doc. 8-7 at 78–118), the trial court entered an order denying

Brown's Rule 32 petition in its entirety (Doc. 8-7 at 61–63).  In its order, the trial court found that (1) Brown's claim challenging the sufficiency of the State's evidence was precluded under Ala. R. Crim. P. 32.2(a)(2) and (4), because the claim was raised at trial and on direct appeal; (2) the sentencing judge acted within his discretion when imposing Brown's sentence; (3) Brown failed to establish that his trial counsel rendered ineffective assistance under the standard of *Strickland v. Washington*, 466 U.S. 668 (1984); and (4) Brown failed to plead and prove specific facts supporting his claim that the incompleteness of the record on appeal prevented his appellate counsel from examining the record for possible error.  Doc. 8-7 at 61–63.

Brown appealed from the denial of his Rule 32 petition, pursuing his claim that the trial court lacked jurisdiction because neither the venire nor the petit jury was sworn.  Doc. 8-8.  In addition, Brown argued that his trial counsel rendered ineffective assistance by failing to (1) object that the complaint was not verified by the victim and (2) object to the trial court's vindictive sentence.  *Id.*  Brown also argued that his appellate counsel rendered ineffective assistance by failing to raise the issue of the missing portions of the record.  *Id.*

By order dated July 1, 2015, the Alabama Court of Criminal Appeals remanded Brown's case to the trial court with instructions for that court to make specific findings of fact on whether the venire and petit jury were properly sworn before trial.  Doc. 8-11.  On remand, the trial court issued an order finding that the venire was properly sworn and included in the supplemental record the language used in swearing the venire.  Doc. 8-13.  On February 5, 2016, on return to remand, the Alabama Court of Criminal Appeals issued

a memorandum opinion affirming the trial court's denial of Brown's Rule 32 petition.  Doc. 8-17.  Brown's application for rehearing was overruled (Docs. 8-18 and 8-19), and on June 10, 2016, the Alabama Supreme Court denied his petition for writ of certiorari (Docs. 8-20 and 8-21).  A certificate of judgment issued on that date.  Doc. 8-21.

On February 11, 2016, while Brown's first Rule 32 petition was pending in the Alabama appellate courts, Brown filed a second Rule 32 petition in the trial court, this one alleging that newly discovered evidence showed that the petit jury was not sworn before trial.  Doc. 8-22.  On April 6, 2016, the trial court entered an order denying the second Rule 32 petition on grounds that his claim was precluded under Ala. R. Crim. P. 32.2(a)(2) and (4).  Doc. 8-22 at 39.

Brown appealed, pursuing the claim he raised in the second Rule 32 petition. On September 1, 2017, the Alabama Court of Criminal Appeals issued a memorandum opinion affirming the trial court's denial of Brown's second Rule 32 petition, finding that (1) although Brown couched his claim as one of "newly discovered evidence," his claim actually challenged the trial court's and the Alabama Court of Criminal Appeals' rulings on his previous Rule 32 petition; (2) a successive Rule 32 petition is not the proper vehicle for challenging the dismissal of a previous Rule 32 petition; and (3) Brown's claim was not cognizable under any ground recognized in Ala. R. Crim. P. 32.1.  *See* Docket of Coffee County Circuit Court Case CC-09-95.61 (available via https://v2.alacourt.com/).  Brown did not apply for rehearing or file a petition for writ of certiorari.  On November 22, 2017, the Alabama Court of Criminal Appeals issued a certificate of judgment.  *Id.*

On April 17, 2017, while his second Rule 32 petition was pending in the Alabama appellate courts, Brown initiated this habeas action by filing a § 2254 petition in which he presents the following claims:

1.  There was insufficient evidence to support his conviction.

2.  His trial counsel rendered ineffective assistance by failing to—

    (a)  "present a probable defense against the State's case in chief;"

    (b)  request a proper lesser-included offense instruction; and

    (c)  object to the trial court's failure to administer the oath to the petit jury.

3.  His appellate counsel rendered ineffective assistance by failing to—

    (a)  supplement the record on appeal with the portion of the record containing the jury selection process; and

    (b)  argue the lesser-included offense issue on appeal.

4.  The trial court acted with vindictiveness throughout the trial proceedings.

Doc. 1 at 5–8; Doc. 2 at 2–22; *see* Doc. 13.

Respondents have filed an answer and supplemental answer in which they argue the claims in Brown's § 2254 petition are procedurally defaulted because Brown failed to present the claims to the state courts in accordance with the State's procedural rules. Doc. 8 at 12–17; Doc. 11. Respondents further argue that, to the extent the state courts addressed the merits of any of Brown's claims, the state court decisions denying relief on the claims were neither contrary to, nor unreasonable applications of, clearly established federal law. Doc. 8 at 18–22.

Brown took advantage of the opportunity granted him to respond to Respondents' answer. *See* Docs. 9 and 13. After reviewing the § 2254 petition, the parties' submissions, and the record, the court concludes that no evidentiary hearing is required and that Brown's petition is due to be denied under Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts*.

## II.   DISCUSSION

### A.   Procedural Default

#### 1.   *Exhaustion Requirement*

Before a § 2254 petitioner may obtain federal habeas corpus review, he must "exhaust" his federal claims by raising them in the appropriate court, giving the state courts an opportunity to decide the merits of the constitutional issue raised. *See* 28 U.S.C. § 2254(b)(1) & (c); *Duncan v. Walker*, 533 U.S. 167, 178–79 (2001). To exhaust a claim fully, a petitioner must "invok[e] one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

In Alabama, a complete round of the established appellate review process includes an appeal to the Alabama Court of Criminal Appeals, an application for rehearing to that court, and a petition for discretionary review—a petition for a writ of certiorari—filed in the Alabama Supreme Court. *See Smith v. Jones*, 256 F.3d 1135, 1140–41 (11th Cir. 2001); Ala. R. App. P. 39 & 40. The exhaustion requirement applies to state post-conviction proceedings and to direct appeals. *See Pruitt v. Jones*, 348 F.3d 1355, 1359 (11th Cir. 2003).

6

Habeas claims not properly exhausted in the state courts are procedurally defaulted if presentation of the claims in state court would be barred by state procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161–62 (1996); *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). "[I]f the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred[,] . . . there is a procedural default for purposes of federal habeas." *Coleman*, 501 U.S. at 735 n.1 (citations omitted); *see Henderson v. Campbell*, 353 F.3d 880, 891 (11th Cir. 2003).

### 2.     *Adequate and Independent State Ground*

Federal habeas review may also be unavailable for claims that a state appellate court has rejected on state procedural grounds. *Coleman*, 501 U.S. at 729. "Federal review of a petitioner's claim is barred by the procedural-default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar provides an adequate and independent state ground for denying relief." *Atkins v. Singletary*, 965 F.2d 952, 955 (11th Cir. 1992); *see Marek v. Singletary*, 62 F.3d 1295, 1301–02 (11th Cir. 1995).

> By its very definition, the adequate and independent state-ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law. *See Fox Film Corp. v. Muller*, 296 U.S. 207, 210 (1935). Thus, by applying this doctrine to habeas cases, [*Wainwright v. Sykes*, 433 U.S. 72 (1977)] curtails reconsideration of the federal issue on federal habeas as long as the state court explicitly invokes a state procedural bar rule as a separate basis for decision. In this way, a state court may reach a federal question without sacrificing its interests in finality, federalism, and comity.

7

*Harris v. Reed*, 489 U.S. 255, 264 n.10 (1989).

### 3.  *Exceptions to Procedural Default*

A habeas petitioner can overcome a procedural default either through showing cause for the default and resulting prejudice, *Murray v. Carrier*, 477 U.S. 478, 488 (1986), or establishing a "fundamental miscarriage of justice," which requires a colorable showing of actual innocence, *Schlup v. Delo*, 513 U.S. 298, 324–27 (1995).

"Cause" for a procedural default must ordinarily turn on whether the petitioner can show that some objective factor external to the defense impeded efforts to comply with the state's procedural rules. *Murray*, 477 U.S. at 488; *United States v. Frady*, 456 U.S. 152, 170 (1982). In certain circumstances, counsel's ineffectiveness in failing to preserve a claim in state court may constitute sufficient cause to overcome procedural default of another claim. *Murray*, 477 U.S. at 488–89. To establish "prejudice," a petitioner must show that the errors worked to his "actual and substantial disadvantage, infecting his entire [proceeding] with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (internal quotations and emphasis omitted).

Actual innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims that are defaulted. *Schlup*, 513 U.S. at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496; *Schlup*, 513 U.S. at 321. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that

8

no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup*, 513 U.S. at 327–28). The standard exacted by *Schlup* "is demanding and permits review only in the "extraordinary" case." *House v. Bell*, 547 U.S. 518, 538 (2006). *Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . .   To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

513 U.S. at 324.

**B.      Brown's Claims are Procedurally Defaulted.**

**1.      *Sufficiency of the Evidence***

Brown contends there was insufficient evidence to support his conviction.  Doc. 2 at 4–5, 9–15.  Respondents assert that Brown has procedurally defaulted this claim.  Doc. 8 at 12–15; Doc. 11 at 3–4.  Specifically, Respondents argue that the claim was not exhausted in the state courts in accordance with the State's procedural rules and that the claim is not capable of further presentation to the state courts due to state procedural rules. *Id.*

The record reflects that one of Brown's claims on direct appeal was that there was insufficient evidence to support his conviction for unlawfully breaking and entering a vehicle.  *See* Doc. 8-4 at 3.  The Alabama Court of Criminal Appeals considered this claim on the merits and ruled there was sufficient evidence to support Brown's conviction.  Doc.

8-4 at 3–9.  Although Brown filed an application for rehearing with the Alabama Court of Criminal Appeals, the application was stricken as untimely filed.  Doc. 8-5.  Thereafter, Brown filed no petition for writ of certiorari with the Alabama Supreme Court.  Under the circumstances, Brown failed to submit his sufficiency-of-the-evidence claim through a complete round of Alabama's established appellate review process.  Therefore, he failed to exhaust his claim in the state courts. *See O'Sullivan*, 526 U.S. at 845; *Smith*, 256 F.3d at 1140–41.

Brown may not return to the state courts to exhaust this claim.  It is too late for him to litigate this claim to completion in the state appellate courts by filing a timely application for rehearing and, thereafter, pursuing certiorari review in the Alabama Supreme Court.[2] The exhaustion and preclusion rules therefore coalesce into the procedural default of Brown's sufficiency-of-the-evidence claim.[3]   *See Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.

---

[2] Brown attempted to litigate his sufficiency-of-the-evidence claim via his first Rule 32 petition. However, the trial court ruled that the claim was precluded under Ala. R. Crim. P. 32.2(a)(2) and (4), because the claim was raised at trial and on direct appeal.  Brown did not pursue the claim in his appeal from the denial of his first Rule 32 petition.

[3] In parts of his § 2254 petition, Brown frames his sufficiency-of-the-evidence claim as one alleging a variance in the indictment and the proof produced at trial.  *See* Doc. 2 at 4–5, 11–15. According to Brown, the alleged variance deprived the trial court of jurisdiction to render the verdict or impose a sentence.  *Id*.  Brown's arguments in support of his variance claim, however, are at bottom arguments challenging the sufficiency of the State's evidence.  To the extent that his variance claim might touch on matters apart from those underlying his sufficiency-of-the-evidence claim and might be said to raise a separate claim, his variance claim was not raised and exhausted in the state courts and would no longer be pursuable in the state courts.  Therefore, Brown's separate variance claim, to the extent he raises one, is procedurally defaulted for purposes of federal habeas review.

This court afforded Brown an opportunity to demonstrate the existence of cause excusing the procedural default of his claims.  Doc. 9.  In his response, however, Brown does not argue cause for his failure to exhaust his sufficiency-of-the-evidence claim through a complete round of Alabama's established appellate review process.[4]  *See* Doc. 13.  Thus, Brown cause not establish cause and prejudice to excuse this procedural default.

Elsewhere in his petition, Brown appears to suggest that he is actually innocent of the offense of which he was convicted.  *See, e.g.,* Doc. 2 at 10, 18.  However, Brown points to no new reliable evidence—nor suggests that any exists—that could satisfy the difficult standard for actual innocence set forth by the Supreme Court in *Schlup*.  Instead, he reargues the sufficiency of the evidence and the weight the jury afforded witness testimony, while also presenting a misguided argument alleging a variance in the indictment and the proof produced at trial.  Arguments like Brown's will not sustain a claim of actual innocence.  *See Bousley,* 523 U.S. at 623–24; *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001) (explaining that claim of actual innocence must be supported by "reliable evidence not presented at trial"); *Rozzelle v. Sec'y, Florida Dep't of Corr.,* 672 F.3d 1000, 1017–18 (11th Cir. 2012) (evidence is not considered "new" when the jury heard the substance of virtually all such evidence); *Rutledge v. Neilsen*, 2012 WL 3778987 at *7 (M.D. Ala. 2012) (allegations going to sufficiency of and/or weight afforded the evidence

---

[4] Brown makes a general assertion that his trial counsel's ineffective assistance was "cause" for his procedural defaults.  *See* Doc. 13 at 5.  Clearly, however, the performance of his trial counsel (who was different from his counsel on appeal) could have no bearing on Brown's failure to file a timely application for rehearing with the Alabama Court of Criminal Appeals or to petition the Alabama Supreme Court for certiorari review.

do not constitute "new reliable evidence" regarding petitioner's actual innocence).  Brown fails to make the requisite showing of actual innocence.

As Justice O'Connor emphasized in *Schlup*, the Supreme Court strove to "ensure that the actual innocence exception remains only a safety valve for the extraordinary case." *Schlup*, 513 U.S. at 333 (O'Connor, J., concurring) (internal quotation marks omitted). Brown's is not such a case.  Because the actual innocence exception does not apply, Brown's sufficiency-of-the-evidence claim is precluded from federal habeas review.

### 2. *Ineffective Assistance of Trial Counsel*

In his § 2254 petition, Brown contends that his trial counsel rendered ineffective assistance by failing to (1) "present a probable defense against the State's case in chief;" (2) request a proper lesser-included offense instruction; and (3) object to the trial court's failure to administer the oath to the petit jury.  Doc. 2 at 5–9, 19–21.  Respondents argue that Brown procedurally defaulted these claims because they were not raised and properly exhausted in the state courts.  *See* Doc. 8 at 12–17.  This court agrees, because the allegations of ineffective assistance of trial counsel that Brown asserts in his § 2254 petition were not the ones he asserted in his first Rule 32 petition.  In that Rule 32 petition, Brown argued that his trial counsel rendered ineffective assistance by failing to (1) challenge the State's hearsay evidence; (2) object to the State's failure to produce the stolen DVD player at trial; (3) challenge breaks in the chain of custody of evidence; (4) move to dismiss the charges on grounds the victim never swore to or signed the complaint; and (5) impeach the victim's testimony.  *See* Doc. 8-7 at 12–17, 33–54.

In *Martinez v. Ryan*, 562 U.S. 1 (2012), the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."[5] *Martinez*, 562 U.S. at 17.   In *Trevino v. Thaler*, 569 U.S. 413 (2013), the Supreme Court extended the holding of *Martinez* to cases where, as a matter of systemic operation, the first opportunity to challenge trial counsel's effectiveness is in state post-conviction proceedings.  *Trevino*, 569 U.S. at 423–29.  To demonstrate cause in circumstances where *Martinez* and *Trevino* apply, a petitioner must establish (1) a substantial claim of ineffective assistance of trial counsel; (2) the cause for failing to exhaust the claim is ineffective post-conviction counsel or no post-conviction counsel in the initial-review collateral proceeding; (3) the state collateral proceeding was the initial opportunity to review the claim regarding trial counsel's performance; and (4) applicable state law requires, either by law or as a practical matter, that ineffective assistance of trial counsel claims be raised in the initial post-conviction proceeding.  *Trevino*, 569 U.S at 423;

---

[5] The Court in *Martinez* created a narrow exception to the rule set forth in *Coleman v. Thompson*, 501 U.S. 722, 753-54 (1991), that an attorney's errors in a post-conviction collateral proceeding do not constitute cause to excuse a procedural default.   The Court limited its ruling to ineffective-assistance-of-trial-counsel claims in initial-review collateral proceedings.  *Martinez*, 562 U.S. at 15–17.  The ruling does not provide a gateway to federal habeas review of attorney errors in other proceedings.  "It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial, even though that initial-review collateral proceeding may be deficient for other reasons."  *Id.* at 16.

*Martinez*, 562 U.S. at 13–18.  If a petitioner can establish cause under *Martinez*, he still must establish prejudice as a result of the defaulted ineffective assistance of trial counsel claim, that is, but for the error, there is a reasonable probability that the result of the proceeding would have been different.  *See Martinez*, 562 U.S. at 18 (remanding the questions "whether [Petitioner's] attorney in his first collateral proceeding was ineffective [and] whether his claim of ineffective assistance of trial counsel is substantial.  And the court [of appeals] did not address the question of prejudice."); *see also Trevino*, 569 U.S. at 429 (remanding the questions "whether Trevino's claim of ineffective assistance of trial counsel is substantial [and] whether Trevino's initial state habeas attorney was ineffective").

Alabama courts have recognized that, although it may be possible for appellate counsel to raise claims of ineffective assistance of trial counsel on direct appeal where appellate counsel is able to review the trial transcript to ascertain if such a claim is viable and then present the claim in a timely motion for new trial, *see Ex parte Ingram*, 675 So. 2d 863, 865–66 (Ala. 1996), often, the first time a defendant can reasonably raise a claim of ineffective assistance of trial counsel is in an Alabama Rule 32 petition, i.e., in an initial-review collateral proceeding.  *See Ex parte Ingram*, 675 So. 2d at 865–66; *V.R. v. State*, 852 So. 2d 194, 201–02 (Ala. Crim. App. 2002).  This court will assume, for purposes of Brown's claims, that Brown's first reasonable opportunity to present his claims of ineffective assistance of trial counsel was in his first Rule 32 petition.  Thus, the court will apply *Martinez*'s holding to Brown's claims of ineffective assistance of trial counsel.  *See*

*Trevino*, 569 U.S. at 429 ("[W]here, as here, state procedural framework, by its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies."). Accordingly, this court will address whether Brown's claims of ineffective assistance of trial counsel are substantial.

### a. Failure to present probable defense

Brown claims his trial counsel rendered ineffective assistance by failing to "present a probable defense against the State's case in chief." Doc. 2 at 5–6. However, the defense Brown says his counsel should have pursued—challenging the State's proof that Brown broke into a vehicle to obtain the stolen property—was in fact pursued by Brown's counsel through counsel's cross-examination of witnesses and in counsel's argument in support of a motion for judgment of acquittal. *See, e.g.*, Doc. 8-1 at 77–78, 88, 91–92.

A claim of ineffective assistance of counsel is evaluated against the two-part test announced by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). First, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness." *Id*. at 689. Second, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694; *see Chandler v. United States*, 218 F.3d 1305, 1313 (11th Cir. 2000). Here, Brown demonstrates neither deficient performance nor resulting prejudice from his trial counsel's alleged failure to present a defense against the State's case. Consequently, this ineffective-assistance-of-counsel claim lacks merit. Thus, the

claim is not a "substantial" claim, and Brown does not establish cause excusing his default of his claim that trial counsel was ineffective in this regard.

### b. Lesser-included offense instruction

Brown claims his trial counsel rendered ineffective assistance by failing to request a proper lesser-included offense instruction.  Doc. 2 at 6–7, 13.  Although it is unclear from Brown's argument just what lesser-included offense instruction he believes his counsel should have requested, it appears that Brown contends his counsel should have sought a jury instruction on theft of property in the third degree (Brown describes the offense as "larceny") as proscribed by § 13A-8-5(a), Ala. Code 1975.[6]  *See* Doc. 2 at 13.

The record reflects that, during the charge conference, Brown's trial counsel argued that Brown was entitled to have the jury instructed on receiving stolen property in the third degree[7] as a lesser-included offense of unlawfully breaking and entering a vehicle, the charge in the indictment.  Doc. 8-1 at 97–98.  Counsel's theory, in arguing for this instruction, was that Brown may merely have received stolen property, a DVD player taken from the victim's vehicle, and did not commit an actual theft by breaking into the vehicle and taking the DVD player.[8]  *Id.*  The trial court refused the requested instruction on

---

[6] At the time of Brown's trial, theft of property in the third degree was classified as a Class A misdemeanor.  § 13A-8-5(b), Ala. Code 1975.

[7] At the time of Brown's trial, receiving stolen property in the third degree was classified as a Class A misdemeanor.  § 13A-8-19(b), Ala. Code 1975.

[8] Section 13A-8-11, Ala. Code 1975, provides:

receiving stolen property, stating that the only evidence on the issue tended to show that Brown obtained the DVD player by breaking into the vehicle, and there was no evidence presented tending to show that Brown merely received the DVD player from someone else. *Id*.

On appeal, Brown's appellate counsel argued that the trial court erred by failing to instruct the jury on receiving stolen property in the third degree as a lesser-included offense of breaking and entering a vehicle. *See* Doc. 8-2.  The Alabama Court of Criminal Appeals rejected the claim (*see* Doc. 8-4 at 3–13), holding that receiving stolen property is not a lesser-included offense of theft of property[9] and agreeing also with the trial court that the evidence did not support a jury instruction on receiving stolen property:

> [E]ven if receiving stolen property were a lesser-included offense of breaking and entering a vehicle, there was no rational basis for a verdict convicting Brown of receiving stolen property.  "The basis of a charge on a lesser-included offense must be derived from the evidence presented at trial and cannot be based on speculation or conjecture. *Boyd v. State*, 699 So. 2d 967 (Ala. Cr. App. 1997)."  *Broadnax v. State*, 825 So. 2d 134, 200 (Ala. Crim. App. 2000).  The State presented sufficient evidence for the jury to conclude

---

A person commits the crime of unlawful breaking and entering a vehicle if, without the consent of the owner, he breaks into and enters a vehicle or any part of a vehicle with the intent to commit any felony or theft.  For the purposes of this section, "enters" means to intrude:

    (1) Any part of the body; or

    (2) Any physical object connected with the body.

    (3) Unlawful breaking and entering a vehicle is a Class C felony.

§ 13A-8-11(b), Ala. Code 1975.

[9] The intent to commit any felony or theft is an element of unlawfully breaking and entering a vehicle.  § 13A-8-11(b), Ala. Code 1975.

that Brown stole the DVD player from [the victim's] vehicle and there was no evidence presented tending to show that Brown merely received the DVD player as stolen property. The circuit court was not required to instruct the jury on the charge of receiving stolen property based on the purely speculative possibility that Brown merely received stolen property rather than committed the actual theft of the DVD player. The circuit court did not err in denying Reed the jury charge of third-degree receiving stolen property.

Doc. 8-4 at 13.

Brown's present suggestion that his trial counsel should have sought a jury instruction on third-degree theft of property as a lesser-included offense of breaking and entering a vehicle is subject to an opposing argument similar to those that the trial court and the Alabama Court of Criminal Appeals applied to his claim that he was entitled to a jury instruction on receiving stolen property: the only evidence on the issue tended to show that Brown obtained the DVD player by breaking into the vehicle; there was no evidence presented that tended to show Brown obtained the DVD player (by theft) without having broken into the vehicle. Thus, Brown fails to make a case that he was entitled to have the jury instructed on third-degree theft of property.

Moreover, Brown shows no reasonable likelihood that, had the jury been instructed on third-degree theft of property as a lesser-included offense of unlawfully breaking and entering a vehicle, it would have returned a verdict finding him guilty of the lesser offense instead of the charge in the indictment. *See Magnotti v. Sec'y for Dep't of Corr.*, 222 F. App'x. 934, 940 (11th Cir. 2007) ("[T]he evidence presented at Magnotti's trial was sufficient to sustain a conviction for robbery. As such, even assuming without deciding that Magnotti's counsel was deficient in failing to request jury instructions on other lesser

included offenses, that deficiency does not suggest that there was a reasonable probability that the outcome would have been different because the jury had sufficient evidence to find Magnotti guilty of the greater offense of robbery."); *Harris v. Crosby*, 151 F. App'x. 736, 738 (11th Cir. 2005) (holding that habeas petitioner could not demonstrate prejudice resulting from counsel's failure to request instruction on lesser-included offense because "[the petitioner's] assertions that he would have been convicted of the lesser included offense, as opposed to the greater offense, are pure speculation—speculation both that the state trial court would have decided to instruct the jury on the lesser included offense and that the jury, if instructed on the lesser included offense, would have convicted on it instead of the higher offense. That speculation is insufficient to undermine our confidence in the outcome of his trial.").

Brown demonstrates neither deficient performance nor resulting prejudice from his trial counsel's failure to request that the jury be instructed on theft of property in the third degree as a lesser-included offense of the charge in the indictment.  Consequently, this ineffective-assistance-of-counsel claim lacks merit.  The claim is not a "substantial" claim, and Brown does not establish cause excusing his default of his claim that trial counsel rendered ineffective assistance in this regard.

c. Swearing of petit jury

Brown says his trial counsel was ineffective for failing to object to the trial court's failure to administer the oath to the petit jury.  *See* Doc. 2 at 8.  The record is silent as to the swearing of the petit jury, although the record reflects that the venire members were

administered their oath before voir dire examination.  *See* Doc. 8-13 at 5.  This issue was the subject of the Alabama Court of Criminal Appeals' remand order in Brown's appeal from the denial of his first Rule 32 petition.  *See* Doc. 8-11.  On remand, the trial court issued an order finding that the venire was properly sworn and included in the supplemental record the language used in swearing the venire.  Doc. 8-13 at 2–5.

Brown fails to show how he was prejudiced by his trial counsel's failure to object to the trial court's alleged failure to swear the petit jury.  Alabama case law suggests that where the record affirmatively shows that the venire members were administered their oath before voir dire examination, a subsequent failure to administer the oath of service to members of the sitting petit jury may constitute harmless error.  *See Ex parte Borden*, 769 So. 2d 950, 955 (Ala. 2000); *Morris v. State*, 60 So. 3d 326, 384 (Ala. Crim. App. 2010). *See also Borden v. Thomas*, 2012 WL 3030519, at *20 (N.D. Ala. 2012); *Knight v. Patterson*, 2012 WL 2417342, at *14–15 (S.D. Ala. 2012).  Moreover, Brown does not allege, much less show, that an unsworn juror somehow affected the outcome of his trial as a result of being unsworn.  Therefore, he has not established the prejudice element of *Strickland* with respect to this claim of ineffective assistance of trial counsel.  *See Lynch v. Thomas*, 2014 WL 5113623, at *1 (M.D. Ala. 2014); *Griffin v. Sec'y, Dep't of Corr.,* 2016 WL 5146611, at *17 (M.D. Fla. 2016); *Green v. Crosby*, 2004 WL 5136978, at *4 (S.D. Fla. 2004).  *See also Barnett v. Daniels*, 2017 WL 3611726, at *7 (M.D. Ala. 2017); *Lamar v. Hetzel*, 2014 WL 2569030, at *35 (S.D. Ala. 2014).

The Supreme Court in *Strickland* stated, "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  466 U.S. at 697.  Here, Brown fails to satisfy the prejudice prong of the *Strickland* standard.  Consequently, this ineffective-assistance-of-counsel claim lacks merit.  Thus, the claim is not a "substantial" one, and Brown does not establish cause excusing his default of this claim that trial counsel rendered ineffective assistance.

* * * * * *

Because, as set out above, Brown does not establish cause excusing his default of his claims that trial counsel rendered ineffective assistance and he also fails to show that the actual innocence exception applies to him, Brown's claims of ineffective assistance of trial counsel are precluded from federal habeas review.

### 3.      *Ineffective Assistance of Appellate Counsel*

Brown contends that his appellate counsel rendered ineffective assistance by (1) failing to supplement the record on direct appeal with the portion of the record containing the jury selection process, and (2) failing to argue the lesser-included offense issue on appeal.  *See* Doc. 2 at 9, 15–16.

### a.  Failure to supplement record on appeal

On appeal from the denial of his first Rule 32 petition, Brown claimed that his appellate counsel was ineffective for failing to supplement the record on direct appeal with missing portions of the record or to argue the issue of the missing portions of the record.

21

*See* Doc. 8-8.   The Alabama Court of Criminal Appeals held that this claim was not preserved for appellate review, stating:

> Brown also argues on appeal that his appellate counsel was ineffective for failing to raise the issue of the missing portions of the record.  However, in his petition, Brown argued that the court reporter was under a duty to fully record his trial and that he was denied his rights because his appellate counsel was not provided with a complete record in order to search for plain errors or defects that affected his substantial rights.  He argued that he was denied his right to a record on appeal.  He did not raise an ineffective assistance of counsel claim on this ground and does so for the first time on appeal.  "'We will not make exception to the rule that a claim for ineffective assistance of counsel may not be considered on appeal if it was not first presented to the trial court.'"  *Brown v. State*, 701 So. 2d 314, 319–20 (Ala. Crim. App. 1997), quoting *Ex parte Jackson*, 598 So. 2d 895, 897 (Ala. 1992), overruled on other grounds, *Ex parte Ingram*, 675 So. 2d 863, 865 (Ala. 1996).  Therefore, this matter is not properly raised on appeal.

Doc. 8-17 at 4.

As previously indicated, federal review of a petitioner's claim is barred by the procedural default doctrine if the last state court to review the claim states clearly and expressly that its judgment rests on a procedural bar, and that bar "provides an adequate and independent state ground for denying relief."  *Atkins*, 965 F.2d at 955.  The Alabama Court of Criminal Appeals based its ruling that Brown's claim was not properly raised on appeal on the adequate and independent state procedural ground that issues not raised in the lower court in a Rule 32 petition cannot be raised for the first time on appeal from the denial of the Rule 32 petition.  This procedural bar is firmly established and regularly

followed by Alabama appellate courts.[10]  *See, e.g., Boyd v. State*, 913 So. 2d 1113, 1144

(Ala. Crim. App. 2003); *McGahee v. State*, 885 So. 2d 191, 224 (Ala. Crim. App. 2003);

*Arrington v. State*, 716 So.2d 237, 239 (Ala. Crim. App. 1997).  Because the last state court

to review Brown's claim of ineffective assistance of appellate counsel stated clearly and

expressly that its judgment rested on a procedural bar, the claim is procedurally defaulted.

*Atkins*, 965 F.2d at 955.  And because Brown does not establish that either the cause-and-

prejudice or actual-innocence exception applies to this claim,[11] the claim is foreclosed from

federal habeas review.

b. Failure to argue lesser-included offense issue on appeal

Brown claims that his appellate counsel rendered ineffective assistance by failing to

argue the (previously discussed) lesser-included offense issue on appeal.  Doc. 2 at 15–16.

Brown raises this claim of ineffective assistance of counsel for the first time in his § 2254

petition.  The claim was never presented to the state courts.  Therefore, Brown failed to

exhaust the claim in state court.  *See Pruitt*, 348 F.3d at 1359.  Brown may not return to

the state courts to exhaust this claim.  If he were to raise the claim in a Rule 32 petition,

the petition would be deemed successive under Ala. R. Crim. P. 32.2(b).  Moreover, such

---

[10] In order to bar federal review, the state procedural bar must have been "firmly established and regularly followed" at the time of the alleged default.  *Ford v. Georgia*, 498 U.S. 411, 424 (1991).

[11] Brown makes no viable argument for cause excusing this default, and as previously indicated, his claim of actual innocence is also not viable.  The holding in *Martinez v. Ryan* does not provide a gateway to federal habeas review of this claim, as *Martinez* applies only to claims of ineffective assistance of <u>trial</u> counsel that were defaulted in the initial-review collateral proceeding, i.e. (for Brown's purposes), by not being raised in the Rule 32 petition.  *See* 562 U.S. at 16.

a petition would be untimely under Ala. R. Crim. P. 32.2(c). The exhaustion and preclusion rules therefore coalesce into the procedural default of this ineffective assistance of counsel claim. *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891. Brown makes no viable argument for cause excusing this default, and as previously indicated, he has not demonstrated his actual innocence. For these reasons, the claim is foreclosed from federal habeas review.

### 4.   *Vindictive Trial Court*

Brown claims that the trial court acted with vindictiveness throughout his trial proceedings. *See* Doc. 2 at 2. Although Brown argued in his first Rule 32 petition that the trial court acted vindictively when it sentenced him, on appeal from the denial of that Rule 32 petition, he did not pursue the matter as a substantive claim, but rather argued for the first time that his trial and appellate counsel were ineffective for failing to raise a claim that his sentence was vindictively imposed. *See* Doc. 8-8. The merits of the substantive claim of the trial court's alleged vindictiveness throughout trial were not addressed by the Alabama Court of Criminal Appeals in Brown's appeal from the denial of the Rule 32 petition, although that court noted there was no indication of bias or vindictiveness by the trial court and that Brown's sentence was within the statutory range.[12] Doc. 8-17 at 5.

---

[12] With specific regard to the question of whether Brown's sentence indicated vindictiveness by the trial court, the Alabama Court of Criminal Appeals quoted with approval from the following findings of the Rule 32 court:

> "The record indicates that the defendant had twelve prior felony convictions and that the possible sentence range for his conviction was a minimum of fifteen years and a maximum of 99 years or life. Following a sentencing

Elsewhere in its memorandum opinion, the Alabama Court of Criminal Appeals stated that any issues Brown had raised in his Rule 32 petition but then failed to argue on appeal from the denial of the petition were considered abandoned.  Doc. 8-17 at 7.

By failing to pursue his substantive "vindictiveness" claim in his appeal from the denial of his Rule 32 petition, Brown failed to exhaust the claim in state court.  *See Pruitt*, 348 F.3d at 1359.  Brown may not return to the state courts to exhaust this claim.  It is too late to raise the claim in a direct appeal, and if he were to try to raise the claim in a Rule 32 petition, various state procedural bars would preclude consideration of the claim.  *See* Ala.R.Crim.P. 32.2(b), 32.2(c), 32.2(a) (3), and 32.2(a)(5).  Once again, the exhaustion and preclusion rules coalesce into the procedural default of Brown's claim.  *Coleman*, 501 U.S. at 735 n.1; *Henderson*, 353 F.3d at 891.  Brown makes no viable argument for cause excusing this default, and he has not demonstrated his actual innocence.  The claim is therefore foreclosed from federal habeas review.

---

hearing, the trial judge, Judge Robert Barr, sentenced the defendant to 20 years and one day.  Though the sentencing guidelines recommended a sentence ranging from seventy-six to one hundred fifteen months, Judge Barr made it clear that he was imposing a more stringent sentence because of the defendant's extensive criminal history and his belief that he would likely reoffend if granted a lesser sentence.  Judge Barr's comments to the defendant suggest only that he exercised the discretion afforded to him as a sentencing judge and if anything, confirm that he showed restraint by sentencing the defendant to a term far less than the maximum sentence available."

(C. 62.)  The circuit court's findings are supported by the record.

Doc. 8-17 at 6 (footnote omitted).

Even if Brown's claim were reviewable, it entitles him to no relief.  Brown fails to set forth facts or point to evidence in the record to support his assertion that the trial court acted with vindictiveness throughout his trial.  Brown's conclusory and unsupported allegations do not provide a basis for habeas relief.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus under 28 U.S.C. § 2254 be DENIED and this case be DISMISSED with prejudice.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **January 10, 2020**.  A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered.  Failure to file written objections to the Magistrate Judge's findings and recommendations under the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1.  *See Stein v. Lanning Securities, Inc*., 667 F.2d 33 (11th Cir. 1982*).  See also Bonner v. City of Prichard,* 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 20th day of December, 2019.


 /s/ Jerusha T. Adams_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE